## CUERVO v. OWL CIGAR CO.

### (Circuit Court, S. D. New York. May 23, 1895.)

UNFAIR COMPETITION—SIMULATION OF LABELS.

When a defendant has been enjoined from using a label almost identical with that of complainant, he will also be enjoined from resorting to another label, differing in detail from complainant's, but so like it in general appearance as to deceive consumers, if not trade experts.

This was a suit by G. Garcia Cuervo against the Owl Cigar Company and others to restrain the use of certain labels. A preliminary injunction was granted at the commencement of the suit. Complainant now moves for leave to file a supplemental bill, and for a second preliminary injunction against the defendant company.

Jones & Govin, for plaintiff.

H. Banning, for defendant.

LACOMBE, Circuit Judge. Defendant was enjoined, when this suit was begun, upon proof of the sale by it of cigars put up in boxes ornamented with labels so closely resembling those which mark complainant's goods that it was extremely difficult to find any variance between them. Subsequent to the granting of that injunction, defendant's officers appear to have searched the stock of certain lithographers who get up the ornamental dressing for cigar boxes, and, finding a set of labels which presented many points of difference when closely compared with complainant's labels, purchased the same, and now use them to dress up their own goods. Defendant's officers swear that in selecting these last labels they had no intention to infringe complainant's trade-mark, but, despite their affidavits, this court cannot escape the conviction that the present method of dressing up their goods was intended to deceive the purchasing consumer, and delude him into the belief that the cigars he purchases are those of the complainant. With an almost infinite variety of designs to choose from or to devise, it is remarkable that defendant should persist in one which, with differences of detail, still presents the same peculiar appearance of elaborate ornamental tracery work, combined with striking coloring, unless its object was to represent its goods as those of complainant,—to the consumer, if not to the trade expert. That this is the result is abundantly shown by the moving affidavits. Had defendant shown that there had been on the market other genuine labels than

the complainant's, resembling them even generally in the arrangement of ornamental tracery, the affidavits submitted on its behalf might have more weight; but, on the papers and exhibits now before the court, there is apparently an effort still to simulate complainant's distinguishing packages, and at the same time present a number of points of difference to argue upon when charged with infringement. It is apparently so easy for one who honestly seeks to sell his own goods as his own to dress them up in such a way that they may be recognized as his own, that, when he offers them to the public in a dress sufficiently like his neighbor's to deceive the average consumer, courts naturally suspect his motives to be such as his actions indicate.

Motions for preliminary injunction and for leave to file supplemental bill are granted.